# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**FREIDA DARLENE JOHNSON**                                              **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 4:21-CV-44-JHM**

**COMMONWEALTH OF KENTUCKY** *et al.*                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Freida Darlene Johnson initiated this action by filing a *pro se* civil complaint (DN 1) and an application for leave to proceed without prepayment of fees (DN 3). Upon review, the Court denied Plaintiff's application to proceed without prepayment of fees because the financial information provided indicated that Plaintiff could pay the filing fee (DN 8). Plaintiff has now filed an amended application for leave to proceed without prepayment of fees which contains additional financial information (DN 9). Upon consideration, **IT IS HEREBY ORDERED** that the Court's prior Order denying the first application (DN 8) is **VACATED** and that the amended application (DN 9) is **GRANTED**. The Court must now conduct a screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I.

Plaintiff's 35-page complaint lists 22 Defendants, including the Commonwealth of Kentucky, county prosecutors, state-court judges, a former United States attorney, a police chief, a detective, a county sheriff, a mayor, a governor, a former governor, and the state attorney general, among others.

Plaintiff lists the following as bases for the Court's jurisdiction – "42 US Code § 1983," "18 US Code (241) (242) (249)," and the "Matthew Shepard and James Byrd Hate Crime Prevention Act." She indicates that she seeks billions of dollars to be "allocated to the FBI for investigations into hate crimes by the government."

Plaintiff's allegations seem to stem from the death of her son in 2006 and government officials' response to his death. For instance, she accuses the Commonwealth of Kentucky of committing murder against her son for failing to have a protective barrier in place at the carnival her son was attending when he was struck by a motorist. Most of her claims against the other Defendants are likewise related to the actions they took or failed to take following her son's death in 2006, specifically their failure to charge the individuals in the vehicle that struck her son with murder.

A few of Plaintiff's allegations stem from more recent actions. For example, Plaintiff accuses police officials of violating her rights on April 2, 2021, by refusing to reopen her son's case. She also claims that the Federal Bureau of Investigations (FBI) violated her rights because it did not respond to a police misconduct complaint she filed in August 2018.

Plaintiff concludes her 35-page complaint by stating:

> Since my son['s] . . . death on June 10th, 2006 during the month of Juneteenth there has been no justice. 42 us code 1983 is for the type of corruption within our system which was not addressed. With "Eric law" and the Matthew Shepard and James Byrd Jr. law enforcement hate crimes preventions acts . . . . [t]he Johnson and McHenry family are asking for an injunctive relief in the amount of 147 billion to start a foundation for my son Eric Johnson for the family's and victims of systemic racism without system that continues today. For the family who doesn't receive justice when their constitutional rights are clearly violated and the state doesn't hold people in power for their actions. By the law of the state of Kentucky violated our 8th and 14th Amendment and has continued to do so until I did an open records

requests on June 25 2018 we are still without justice and the two responsible are without punishment.¹

**II.**

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d at 608-09.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

---

¹ The Court observes that Plaintiff filed a prior action against many of the same Defendants regarding the actions they took or failed to take following her son's death. *See Johnson v. Commonwealth of Kentucky*, 4:19-cv-79-JHM. That action was dismissed as barred the statute of limitations. *Id*.

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

At the outset, the Court observes that while Plaintiff names numerous Defendants, she largely fails to allege how each individual Defendant was involved in the alleged events. While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [her] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). However, because the complaint must be dismissed for other reasons, the Court will not address this issue upon initial review.

### A. 42 U.S.C. § 1983

The Court first turns to Plaintiff's claims that various Defendants violated her Eighth and Fourteenth Amendment rights. A claim for a violation of constitutional rights by government officials must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls

on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. at 215. As in Plaintiff's prior action, the Court concludes that most of Plaintiff's § 1983 claims are barred by the statute of limitations since her son's death occurred in 2006 and it is clear that she knew of the alleged injuries more than one year before the instant action was initiated on April 9, 2021. The Court will dismiss these time-barred claims as frivolous.

The Court next turns to Plaintiff's claims which are based upon more recent conduct by certain Defendants – 1) her claim that certain Defendant police officials violated her constitutional rights on April 2, 2021, by refusing to reopen her son's case; and 2) her claim that the FBI violated her constitutional rights because it did not respond to a police misconduct complaint she filed in August 2018. As to the first claim, the Supreme Court has held that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 767 n.13 (2005) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). In keeping with that principle, "courts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon the lack of prosecution of others." *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (holding assault victim lacked standing to bring § 1983 suit for alleged failure to prosecute); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (holding no constitutional right under Equal

Protection Clause to secure prosecution of another). As to Plaintiff's claims against the FBI, "'[t]he right to petition government does not create in the government a corresponding duty to act.'" *Smallwood v. FBI*, No. 16-00505-DKW-KJM, 2016 U.S. Dist. LEXIS 126825, at *15-16 (D. Haw. Sept. 16, 2016) (dismissing claim against FBI for failing to "consider" a civil rights complaint) (quoting *Stengel v. Columbus*, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988)). Thus, these claims fail to state a claim upon which relief may be granted.

### B. Criminal Statutes

Plaintiff also indicates that she seeks to hold Defendants liable under various federal criminal statutes, specifically, 18 U.S.C. §§ 241, 242, & 249. Courts have consistently held that neither 18 U.S.C. § 241 nor 242 creates a private cause of action. *See Young v. Overly*, No. 17-6242, 2018 U.S. App. LEXIS 18120, at *5-6 (6th Cir. July 2, 2018) (holding that neither 18 U.S.C. §§ 241 or 242 provide private causes of action) (citing *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)).

Courts, including this one, have also held that 18 U.S.C. § 249, which is known as the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act, contains no private cause of action. *Chicago Title & Land Trust Co. v. Rabin*, No. 11-cv-425, 2012 U.S. Dist. LEXIS 10681, at *13 (N.D. Ill. Jan. 30, 2012) ("Because neither personal rights nor private remedies exist in the statutory text [of § 249], the Court concludes that Congress did not intend to create a private right of action."); *see also Hopson v. Aguair Law Office*, No. 3:12CV-769-M, 2013 U.S. Dist. LEXIS 56372 (W.D. Ky. Apr. 19, 2013); *Turner v. Tierney*, No. C 12-6231 MMC, 2013 U.S. Dist. LEXIS 34925 (N.D. Cal. Mar. 13, 2013); *Godfrey v. Ross*, No. 2:11-2308 WBS EFB, 2011 U.S. Dist. LEXIS 138366 (E.D. Cal. Dec. 1, 2011); *Benitez v. Rumage*, No. C-11-208, 2011 U.S. Dist. LEXIS 82832 (S.D. Tex. July 27, 2011).

Thus, the Court will dismiss Plaintiff's claims brought pursuant to these statutes for failure to state a claim upon which relief may be granted.

**IV.**

For the foregoing reasons, the Court will dismiss this action as barred by the statute of limitations and for failure to state a claim upon which relief may be granted.

Date: July 8, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4414.011